Alexis Galindo (State Bar No. 136643)
 agalindo@cgsattys.com
Maximiliano Galindo (State Bar No. 328187)
 mgalindo@cgsattys.com
**CURD GALINDO & SMITH LLP**
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178

<u>Attorneys for Plaintiff</u>
DOMINGO CRUZ GARCIA, JR III

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

|  |  |
|---|---|
| DOMINGO CRUZ GARCIA, JR III Individually,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF HEMET, a public entity, OFFICER COLBY SKAUG #10779, DOES 1 through 10, Jointly and Severally,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES,**<br><br>1. Violation of Civil Rights-Excessive Force (42 U.S.C. § 1983)<br>2. Monell Claim-Policy (42 U.S.C. § 1983)<br>3. Monell Claim- Supervisor Liability (42 U.S.C. § 1983)<br>4. Bane Act (Cal. Civ. Code § 52.1)<br>5. Negligence<br>6. Assault & Battery |

Plaintiff, by and through his attorneys CURD, GALINDO & SMITH LLP, for his Complaint against Defendants, state as follows:

## **JURISDICTION AND VENUE**

1.      This is a civil rights action arising from Defendants' use of excessive force, assault, battery, negligence, and false police reporting resulting in the beating of and broken jaw of DOMINGO CRUZ GARCIA, JR III , on December 9, 2022, in Hemet, County of Riverside, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Hemet, the County of Riverside, which is in the Central District of California.

## **PARTIES AND PROCEDURE**

2.      Plaintiff DOMINGO CRUZ GARCIA, JR III  brings these claims individually.  DOMINGO CRUZ GARCIA, JR III (CRUZ-GARCIA) is a resident of California and is entitled to bring these claims individually.

3.      Defendant CITY OF HEMET (CITY) is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF HEMET POLICE DEPARTMENT ("HPD") which employs other defendants in this action.

4.      Defendant Police Officer COLBY SKAUG #10779 at all material times was employed as law enforcement officer by Defendant CITY OF HEMET and was acting within the course and scope of that employment.  Defendant Officer COLBY SKAUG #10779 is being sued in his individual capacities.

5.      Defendant Police Officers DOE 1 through DOE 10 at all material times were employed as law enforcement officers by Defendant CITY OF HEMET and were acting within the course and scope of that employment.  Defendants DOE 1 through DOE 10 are being sued in his/her individual capacity.

6.      Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

7.      Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing

the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harms.

8.     The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the CITY OF HEMET POLICE DEPARTMENT ("HPD").

9.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

10.     On April 26, 2023, a proper and timely tort claim was presented to the CITY OF HEMET on behalf of Plaintiff, DOMINGO CRUZ GARCIA, JR III , pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation.  The claims were denied on May 8, 2023.

11.     This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

//

//

**PRELIMINARY ALLEGATIONS**

12.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

13.     The HEMET Police Department, through its officers' repeated conduct, has a longstanding history and practice of using excessive force against individuals during arrests and detentions, which has effectively become the Department's standard operating procedure.  Even as of January 1, 2016, over six years ago, the City of HEMET has faced several lawsuits related to the City's police officers' use of excessive force.  The number of incidents and lawsuits involving HEMET Police officers' use of excessive force against individuals has since continued to grow.

14.     On or about December 9, 2022, in the CITY OF HEMET, HEMET Police Officers responded to an alleged domestic disturbance call for service at 201 S. Yale Apt #6.

15.     Defendant Officer Colby Skaug #10779 and Officer Jose Vera #10743 responded to 201 S. Yale Apt #6.  The caller, Shanice Quijano, requested that officers come to the residence to keep the peace.  The day of the incident, December 9, was the anniversary of the death of Plaintiff and Shanice Quijano's son.  The child died in an automobile accident wherein the mother, Shanice Quijano, lost her leg.  Both Plaintiff and Shanice Quijano were reliving the traumatic event of losing their infant child, and Plaintiff became upset.  Shanice Quijano called 911 and requested officers to respond to keep the peace.

16.     Defendant Officer Colby Skaug entered the apartment and immediately confronted Plaintiff in the front living room by calling Plaintiff a wife beater. Defendant Officer Skaug indicated to Plaintiff that he would be detained as he was being investigated for domestic violence. Defendant Officer Skaug asked Plaintiff to sit in the living room calmly, to which Plaintiff agreed and complied. Plaintiff asked Defendant Officer Skaug to activate his BWC so that the interview would be recorded. Officer Skaug indicated he didn't have to take commands from Plaintiff. Plaintiff then stated that he would record the event with his cellphone camera and told Officer Skaug that he was turning on his recorder. Defendant Officer Skaug commanded that Plaintiff put the phone away, Plaintiff indicated that he had the legal right to record the incident. Officer Skaug grabbed the phone away from Plaintiff and handcuffed Plaintiff and led him out of the apartment to the exterior area of the building.

17.     Defendant Officer Skaug told Plaintiff that he was being arrested for Domestic Violence. Defendant Officer Skaug continued to escort Plaintiff off the apartment premises towards the patrol vehicle. While handcuffed and walking to the patrol car, Plaintiff expressed to Defendant Officer Skaug that he was unlawfully detaining him and that he was being unlawfully arrested as he had done nothing wrong. The two continued walking towards the parking lot, Plaintiff while walking on Defendant Officer Skaug's left then said to Officer Skaug "Your father must be so proud, he has created such a gentleman", Officer Skaug then pulled Plaintiff's right

arm and Plaintiff in response said "what a bitch", Officer Skaug pulled Plaintiff's right arm again turning Plaintiff around, Plaintiff then said "what's up punk?", in response Officer Skaug punched Plaintiff, while still handcuffed, breaking his jaw. Plaintiff then fell to the ground suffering abrasions to his face and arms.

18.     Defendant Officer Skaug called Officer Vera who was interviewing Shanice Quijano inside the apartment.  Officer Vera arrived at the scene in the parking lot where Plaintiff was punched by Defendant Officer Skaug. Defendant Officer Skaug reported falsely and made untrue statements that Plaintiff had attempted to assault Officer Skaug.

19.     Fire rescue and paramedics arrived to render aid to Plaintiff, however, Defendant Officer Skaug prevented the EMTs from treating Plaintiff at the scene. Plaintiff was transported to Hemet Global Medical Center where he was diagnosed with a fractured jaw.

20.     Hemet Global Medical indicated that Plaintiff needed a higher level of care and requested that Plaintiff be transported to Riverside University Hospital where Plaintiff underwent surgery to repair the fractured jaw.

21.     Defendant Officer Skaug of the Hemet Police Department acted while in the course and scope of his employment, and under color of authority as police officers for the City of Hemet, when he used excessive force fracturing Plaintiff's jaw without justification and failed to report the true nature of the acts and filed a false police reports.

22.    Defendant Officer Skaug, City of Hemet and its employees, violated the Plaintiff's civil rights and constitutional rights, including unlawful search and seizure. Defendant Officer Skaug attempted to cover-up and suppress the truth surrounding the subject incident by filing false police reports and attempting to cover the video evidence at the time of his assault and battery of Plaintiff.

23.    Officer Skaug of the Hemet Police Department, while in the course and scope of his employment as a police officer, acted with excessive force when he made or caused to be made unlawful contact with Plaintiff's person without justification.  Officer Skaug punched Plaintiff violently causing Plaintiff's left jaw to fracture which required surgical repair. Officer Skaug acted unreasonably in light of the facts and circumstances surrounding the contact with Plaintiff on December 9, 2022.

24.    At the time he was beaten, DOMINGO CRUZ GARCIA, JR III  did not pose a significant or immediate threat of death or serious physical injury to Defendant Officer Skaug or to anyone else, as he was handcuffed.  Defendant Police Officer OFFICER COLBY SKAUG,  failed to give any warning to DOMINGO CRUZ GARCIA, JR III  before using force, even though a warning would have been feasible and proper.

25.    After Defendant OFFICER COLBY SKAUG beat DOMINGO CRUZ GARCIA, JR III , fracturing his jaw, Defendant OFFICER COLBY SKAUG

threatened Plaintiff with unjustified jail time and criminal prosecution if Plaintiff told the truth about how the Defendant Officer Skaug beat him and broke his jaw.

26.     At all material times, DOMINGO CRUZ GARCIA, JR III  behaved peacefully.  The use of force, including the punching CRUZ-GARCIA described herein, was not justified or lawful under the circumstances.

27.     Defendant OFFICER COLBY SKAUG'S conduct herein, including but not limited to his decision(s) to seize DOMINGO CRUZ GARCIA, JR III , the manner in which he conducted seizure, the failure to communicate with Plaintiff or other witnesses, the use of force, and the other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries sustained by DOMINGO CRUZ GARCIA, JR III .

28.     At all material times defendant Officer Skaug's actions were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.  The actions of Defendant Officer Skaug had no legitimate law enforcement purpose other than to sadistically torture Plaintiff CRUZ-GARCIA.

29.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a.  Broken Jaw with internal fixation of CRUZ-GARCIA,

b.  Bruises, lacerations, and

c.  Hospital and medical expenses;

d.  Violation of constitutional rights;

e.  All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, including attorney's fees;

f.  CRUZ-GARCIA's conscious pain and suffering, pursuant to federal civil rights law;

g.  Punitive Damages.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 USC § 1983)**

(PLAINTIFF AGAINST, OFFICER COLBY SKAUG)

30.   Plaintiff realleges each and every paragraph in this complaint as if fully set forth here, and by this reference incorporates the same into each cause of action herein.

31.   By the actions and omissions described above, Defendant Police Officers OFFICER COLBY SKAUG, violated 42 USC §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking force as secured by the Fourteenth Amendment;

e.

32.    Defendant Skaug subjected Plaintiff to his wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by his acts and/or omissions.

33.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 29, above.

34.    The conduct of Defendant Police Officer COLBY SKAUG, entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983.

35.    Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom, Practice or Policy (42 USC § 1983)**

(PLAINTIFF AGAINST DEFENDANT CITY OF HEMET)

36.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

37.    In April of 2021, in a previous incident, ABEL GAVIA  a 57-year-old father of two who suffers from end-stage renal disease (kidney failure) and diabetes,

was driving from Wal-Mart in Hemet, California after having driven there to help his daughter, who had locked her keys in her car.

38.     Sometime between 8:00 and 8:30 p.m., while on his way to a nearby restaurant for a late dinner, Mr. Gavia suddenly began to feel unwell and pulled his car over to the side of the road at or near 1100 E. Menlo Avenue in Hemet, California.

39.     Unbeknownst to Mr. Gavia, Defendant SKAUG had been following his car, based on SKAUG's alleged belief that Mr. Gavia was driving erratically. SKAUG stopped his patrol car behind or near Mr. Gavia's car and, at or around that time, radioed for additional officer support.

40.     Additional officers began to arrive at the location. Defendant SKAUG exited his patrol car, approached Mr. Gavia's driver-side window, and asked him to step out of his vehicle.

41.     With Defendants SKAUG, and other officers standing by his driver-side door, Mr. Gavia opened his car door and slowly lowered himself down.

42.     While Mr. Gavia was exiting his vehicle, SKAUG directed Mr. Gavia to turn around to face his vehicle.

43.     As Mr. Gavia turned around and faced his vehicle, without warning, SKAUG and other officers grabbed Mr. Gavia and began repeatedly striking him in the face and the side of his head with closed fists, causing Mr. Gavia to fall to his knees, striking them on the pavement before falling to the ground face-down.

Defendant SKAUG did not have reasonable suspicion to detain or probable cause to arrest Mr. Gavia, but proceeded to beat and arrest Mr. Gavia, nevertheless.

44.     On information and belief, the CITY of HEMET made a formal decision that the beating of Mr. Gavia was "within policy" of the CITY's police department protocols, notwithstanding that Mr. Gavia posed no threat of appreciable bodily harm to the Defendant officers or anyone else at the moment he was beaten. This manifests a deliberate indifference to the civil rights of Mr. Gavia and the residents of the CITY.  Just as in the Gavia incident, the CITY of HEMET again made a formal decision in Officer Skaug's beating of Plaintiff,  that the beating of CRUZ-GARCIA was "within policy" of the CITY's police department protocols, notwithstanding that CRUZ-GARCIA posed no threat of appreciable bodily harm to Defendant Officers Skaug or anyone else at the moment he was beaten.

45.     Defendant CITY has ratified, acquiesced, and condoned the beating of and use of excessive force against Mr. Gavia, CRUZ-GARCIA and others by the Defendant OFFICER SKAUG. The Gavia v City of Hemet case is pending in District Court 5:23-cv-00724 ODW-SHK.

46.     The unconstitutional actions and/or omissions of Defendant Police Officer COLBY SKAUG #10779 and DOES 1 through 10, as well as other officers employed by or acting on behalf of Defendant CITY OF HEMET, on information and belief, were pursuant to the following customs, policies, longstanding practices, and/or procedures of the HPD which constitute the standard operating procedure of

the HPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF HEMET and the HPD:

  a. To use or tolerate the use of excessive and/or unjustified force;

  b. To use or tolerate the use of unlawful deadly force;

  c. To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

  d. To fail to use appropriate and generally accepted law enforcement procedures in handling disabled persons;

  e. To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

  f. To cover-up violations of constitutional rights by any or all of the following:

    i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

    ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii. by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide

adverse information against a fellow officer or member of the department; and,

h.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

47.   Defendant CITY OF HEMET, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Police Officer, OFFICER COLBY SKAUG, DOES 1 through 10, and other HPD personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

48.   The unconstitutional actions and/or omissions of Defendant Police Officer COLBY SKAUG, DOES 1 through 10 and other HPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the HPD.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CITY OF HEMET and the HPD, and that such policy makers have direct knowledge of the fact that DOMINGO CRUZ GARCIA, JR III 's beating was not justified, but rather represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policy makers within CITY OF HEMET and the HPD have approved of Defendant Police Officer COLBY SKAUG, DOES 1 through 10 beating of DOMINGO CRUZ GARCIA, JR III , and have made

1   a deliberate choice to endorse Defendants beating of DOMINGO CRUZ GARCIA,

2   JR III  and the basis for that beating.

3

4       49.     The frequency of these and similar events, as well as the lack of

5   corrective action by CITY and HPD officials, demonstrates that the CITY has

6   adopted this conduct as policy and is responsible for the maintenance of these

7

8   policies, customs, and practices which is demonstrated by the following similar cases:

9       a.      In *Edmond v. City of Hemet*, in October of 2021, HPD officers

10  encountered the plaintiff in a store parking lot, where he was allegedly panhandling,

11

12  and asked him to leave, which the plaintiff did. After the plaintiff and the officers

13  returned, the plaintiff began to again comply with the officers' commands, and the

14  officers grabbed him, punched him in the face, forced him to the ground, and

15

16  restrained him. The case resolved following a six-figure settlement before litigation.

17      b.      In *Hereford v. City of Hemet*, No. 5:22-cv-00394-JWH-SHK, in March

18  of 2021, HPD officers stopped one of the plaintiffs while he was in his parked car in

19

20  front of his fiancée's home and arrested him for driving with an allegedly suspended

21  license. The officers then began searching his car, which his fiancée and her daughter

22  began to film. The officers responded by threatening his fiancée and her daughter

23

24  with arrest, knocking the daughter's phone out of her hand, striking the fiancée, and

25  causing her a variety of injuries in her head, neck, shoulder, and back. On information

26  and belief, this case is currently in litigation in federal district court.

27

28

c.      In *Mendoza v. City of Hemet*, No. 5:21-cv-01134-JGB-SHK, in May of 2020, the plaintiff — a small woman in shorts and a t-shirt — was stopped while driving by HPD officers. Seven officers drew their weapons and shouted commands, and the plaintiff complied with their orders to exit her vehicle and turn around. As she did so, she was knocked to the ground by the officers who then used their body weight to press her down onto the ground while arresting her. The case resolved following a six-figure settlement.

d.      In *Lagafoged v. City of Hemet*, No. 5:19-cv-00903-SVW-SHK, in August of 2018, HPD officers encountered the plaintiff behaving erratically while standing on a balcony and swinging a stick in the air. The officers responded by releasing a K-9 dog to bite the plaintiff before tasing him multiple times and hogtieing him, resulting in his death. The case resolved following a six-figure settlement.

e.      In *Acosta v. City of Hemet*, No. 5:19-cv-00779-CJC-GJS, in May of 2018, HPD officers encountered the plaintiff in a truck near a business at which an alarm was going off. The officers saw the plaintiff begin slowly driving away, at which point one officer fired ten rounds at the plaintiff's truck. Another officer then intentionally crashed his vehicle into the plaintiff's truck, causing it to strike a pole. When the plaintiff exited the truck unarmed and began to run with his hands raised, a third officer shot him multiple times, including in the back, without warning. The case resolved following a seven-figure settlement.

f.      In *Martin v. City of Hemet*, No. 5:18-cv-02377-JGB-KK, in October of 2017, the plaintiff was stopped by officers in a parking lot while his wife was in her car nearby. When the plaintiff began to walk away from the officers and his wife, the officers commanded him to drop a small pocket-knife he was holding, and the plaintiff put his hands above his head. With the plaintiff's hands raised and visible, two HPD officers fired seven to ten shots at him, killing him. The case resolved following a six-figure settlement.

50.      On information and belief, the frequent recurrence of incidents similar to those experienced by CRUZ-GARCIA, including those described above, have led the HPD and its officers to develop a pattern, practice, and reputation in the local community for being "rough" and using unnecessary force during arrests and other encounters with members of the public.

51.      The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants CITY OF HEMET, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 27, above.

52.      Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and

reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

53.     Plaintiff brings this claim and seeks damages on this claim, including for Plaintiff's injuries, including for pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

54.     Plaintiff also seeks statutory attorney fees under this claim pursuant to U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Failure to Train
### (42 USC § 1983)

(PLAINTIFF AGAINST DEFENDANT CITY OF HEMET)

55.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

56.     The training policies of Defendant CITY were not adequate to train HPD officers to handle the usual and recurring situations with which they must deal.

57.     Defendant CITY was deliberately indifferent to the obvious consequences of their failure to train their officers adequately.

58.     The negligent and unjustified use of force by Defendant Officer Skaug against CRUZ-GARCIA was a result of the negligent training by Defendant CITY,

which failed to train its officers as to proper police tactics, proper use of force, and proper detention and arrest procedures.

59.     Defendant CITY was responsible for the training of HPD officers to ensure that the actions, procedures, and practices of HPD officers complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, proper use of force, and proper detention and arrest procedures, but negligently failed to do so.

60.     The training policies of the CITY were deficient in the following ways:

a.     The CITY failed to properly train HPD officers so that officers do not escalate their interactions with residents and do not overreact and resort to use of significant force when use of such force, or of any force at all, was not necessary and where there is no imminent risk of non-de minimis physical harm to themselves or others.

b.     The CITY failed to properly train HPD officers to properly and adequately assess the need to use force against members of the public whom they come into contact, detain, or arrest, and, where some degree of force reasonably appears necessary, to properly and adequately assess the degree of force to use.

d.     The CITY failed to properly train HPD officers so that officers do not permit fear to reach the point of becoming unreasonable fear, thereby resulting in uses of force that cause serious injury to residents, such as CRUZ-GARCIA.

e.      The CITY failed to properly train HPD officers in proper police tactics, such as situational awareness. Because of this lack of proper training by the CITY, the Defendant Officer Skaug did not use proper police tactics in handling of the contact with CRUZ-GARCIA, and instead used defective police tactics, including the lack of a situational awareness by the said Defendants.

f.      The CITY failed to properly train HPD officers, such as Defendant Officer Skaug herein, in the importance of effective communication prior to using force. Because of the lack of proper training by the CITY, Defendant Skaug did not use effective communication prior to and during the use of force against CRUZ-GARCIA.

61.     The failure of Defendant CITY to provide adequate training caused the deprivation of CRUZ-GARCIA's rights by Defendant Officer Skaug that is, Defendant CITY's failure to train is so closely related to the deprivation of CRUZ-GARCIA's rights as to be the moving force that caused the ultimate injury.

62.     The failures by Defendant CITY to properly train HPD officers were affirmatively linked to and were significantly influential force behind the injuries CRUZ-GARCIA suffered.

63.     Accordingly, Defendant CITY and DOES 1 through 10 are liable to CRUZ-GARCIA for compensatory damages under 42 U.S.C. § 1983.

64.     Plaintiff brings this claim and seeks damages on this claim, including for Plaintiff's injuries, including for pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

65.     Plaintiff also seeks statutory attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF

**Violation of California Civil Code §52.1**

(PLAINTIFF AGAINST DEFENDANT OFFICER COLBY SKAUG)

66.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

67.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

e. The right to be free from wrongful government interference with familial relationships, and Plaintiff's right to companionship and society, as secured by the First, Fourth and Fourteenth Amendments;

f. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

g. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

h. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

i.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

68.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at Paragraph 29, and punitive damages against Defendant, Colby Skaug, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

## FIFTH CLAIM FOR RELIEF

### Negligence – Personal Injuries

(PLAINTIFF AGAINST DEFENDANT COLBY SKAUG and CITY OF HEMET)

69.    Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

70.    At all times, each Defendant COLBY SKAUG owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

71.    At all times, each Defendant COLBY SKAUG owed Plaintiff the duty to act with reasonable care.

72.    These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

     a.     to refrain from using excessive and/or unreasonable force against DOMINGO CRUZ GARCIA, JR III ;

     b.     to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

     c.     to refrain from abusing their authority granted them by law;

     d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

73.    Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants CITY of HEMET and OFFICER COLBY SKAUG #10779 includes but are not limited to the following specific obligations:

     a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

     b.     to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's.

     c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 29, above.

74.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

75.     As a direct and proximate result of Defendants negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at Paragraphs 29 and punitive damages only against Defendant COLBY SKAUG.

## SIX CLAIM FOR RELIEF

### Assault and Battery

### (PLAINTIFF AGAINST DEFENDANT COLBY SKAUG)

76.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

77.     The actions and omissions of Defendant COLBY SKAUG as set forth above constitute assault and battery.

78.     As a direct and proximate result of Defendant OFFICER COLBY SKAUG #10779, assault and battery of DOMINGO CRUZ GARCIA, JR III , Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at Paragraphs 29.

//

//

1

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved ONLY against  individual Defendant, COLBY SKAUG;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988 and costs;

5. For such other and further relief as the Court may deem proper.

DATED: September 28, 2023          **CURD, GALINDO & SMITH, LLP**

                                   */s/ Alexis Galindo*
                                   Alexis Galindo
                                   Maximiliano Galindo
                                   Attorneys for Plaintiff
                                   DOMINGO CRUZ GARCIA, JR III

### JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED: September 28, 2023          **CURD, GALINDO & SMITH, LLP**

                                   */s/ Alexis Galindo*
                                   Alexis Galindo
                                   Maximiliano Galindo
                                   Attorneys for Plaintiff
                                   DOMINGO CRUZ GARCIA, JR III